IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
_____ DIVISION

| | | |
|---|---|---|
| **Maria Dolores Aguilar-Garcia, Individually, and as representative of the Estate of Santiago Santoyo and The Santoyo Family wrongful death beneficiaries,**<br>    Plaintiffs,<br><br>v.<br><br>**Jeffrey Van Patten and Great Divide Transport, LLC,**<br>    Defendants. | §§§§§§§§§§§§ | No: _____ |

**Plaintiffs' Original Complaint**

Plaintiffs, Maria Dolores Aguilar-Garcia, Individually, and as representative of the Estate of Santiago Santoyo and The Santoyo Family wrongful death beneficiaries, (collectively "The Santoyo Family") file their Original Complaint complaining of Jeffrey Van Patten and Great Divide Transport, LLC (collectively, "Defendants"), and in support thereof would show as follows:

**Jurisdiction**

1. Pursuant to 28 U.S.C. § 1391(b), the United States District Court for the Eastern District of Texas is an appropriate venue as a substantial part of the events or omissions giving rise to the claim occurred within the district.

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity amongst the parties and the amount in controversy exceeds the sum or value of $75,000.00.

3. Plaintiffs seek recovery of damages within the jurisdictional limits of this Court.

## Parties

4. Plaintiffs are individuals residing in Polk County, Texas.  Specifically, Santiago Santoyo is the decedent; Maria Dolores Aguilar-Garcia is the surviving spouse of the decedent; Maria Arredondo Garcia is the mother of the decedent; Guadalupe Santoyo Aguilar is the daughter of the decedent; Rosa Maria Santoyo Aguilar is the daughter of the decedent; Maria Cruz Santoyo Aguilar is the daughter of the decedent; Santiago Santoyo Aguilar is the son of the decedent; and ASA is the minor son of the decedent.  Collectively, Plaintiffs will hereinafter be referred to as "The Santoyo Family."

5. Defendant, Great Divide Transport, LLC, is a foreign company who does not maintain a registered agent in Texas. As such, Great Divide Transport, LLC can be served through its registered agent for accepting service, Rex M. Wheeler, 7439 Sheridan Road, Flushing, Michigan 48433.

6. Defendant, Jeffrey Van Patten, is an individual residing in Uinta County, Wyoming, who may be served at his place of residence, 321 Emigrant Road, Lyman, WY 82937.

## Factual Background

7. On or about May 22, 2021, Defendant Van Patten, driving an 18-wheeler owned by Great Divide Transport, LLC, was travelling northbound on Highway 59 in Polk County, Texas. At the same time, Mr. Santiago Santoyo was walking on the far right shoulder of the highway when suddenly and without warning, he was struck by the Great Divide Transport, LLC 18-wheeler being driven by Defendant Van Patten. Mr. Santoyo sustained devastating personal injuries and was killed as a result of the collision.

8. At all pertinent times, Defendant Van Patten was in the course and scope of his employment with Great Divide Transport, LLC.

## Negligence

9. Defendant Van Patten is liable for Plaintiffs' injuries and damages because of numerous negligent acts and omissions; including, but not limited to the following:

   9.1. Failure to drive in a single lane;

   9.2. In failing to operate a motor vehicle at a speed that was reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing;

   9.3. In failing to stay alert;

   9.4. In failing to properly and timely apply the brakes;

    9.5.    In failing to turn, swerve, or otherwise maneuver the vehicle in order to avoid the collision made the basis of this suit; and

    9.6.    Various other acts of negligence and negligence per se to be specified at the time of trial.

10.    Defendant Great Divide Transport, LLC was also directly negligent in the entrustment of its vehicle to Defendant Van Patten.

11.    At the time of the collision in question, Defendant Great Divide Transport, LLC was the owner of the commercial vehicle driven by the operator, Jeffrey Van Patten. Defendant Great Divide Transport, LLC entrusted said vehicle to Defendant Van Patten for the purpose of operating it on the public streets and highways of Texas, and Defendant Van Patten operated said vehicle with the knowledge, consent and permission of Defendant Great Divide Transport, LLC.

12.    Upon information and belief, at all times material, Defendant Van Patten was incompetent and/or unfit to safely operate the motor vehicle and Defendant Great Divide Transport, LLC knew, or in the exercise of due care should have known, that Defendant Van Patten was an incompetent and unfit driver and would create an unreasonable risk of danger to persons or property on the public streets and highways of Texas.

13.    Such entrustment constitutes negligence and negligence *per se* which was a proximate cause of Mr. Santoyo's injuries and damages. Therefore, The Santoyo Family brings this action under negligent entrustment theories.

14. Defendant Great Divide Transport, LLC was also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct, and supervise Defendant Van Patten.

15. Upon information and belief, Defendant Great Divide Transport, LLC failed to act as a reasonably prudent employer in its hiring practices. Specifically upon information belief, Defendant Great Divide Transport, LLC hired Defendant Van Patten despite evidence of Van Patten's incompetence in his driving record and employment history.

16. Upon information and belief, Defendant Great Divide Transport, LLC failed to provide the proper training and instruction to Defendant Van Patten which would have provided him with the proper skills and knowledge to avoid the collision which forms the basis of this lawsuit.

17. Upon information and belief, Defendant Great Divide Transport, LLC failed to institute corrective actions to known incompetencies and safety rule violations throughout the tenure of Defendant Van Patten's employment.

18. Defendant Great Divide Transport, LLC's negligent hiring, training, and supervision of its driver was a proximate cause of the crash and Mr. Santoyo's resulting injuries and damages.

19. Each of these acts and omissions, singularly, or in combination with others, constitutes negligence, which proximately caused the occurrence made the basis of this action and the Plaintiffs' injuries and damages.

## Gross Negligence

20. Incorporating by reference the above paragraphs, The Santoyo Family allege that all acts, conduct, and/or omissions on the part of Defendant Van Patten constitute gross negligence.  Defendant Van Patten's wanton and reckless disregard for the safety of Mr. Santoyo, which proximately caused the resulting injuries and damages to The Santoyo Family includes, but is not limited to, the following:

    20.1.  Failure to drive in a single lane;

    20.2.  In failing to operate a motor vehicle at a speed that was reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing;

    20.3.  In failing to stay alert;

    20.4.  In failing to properly and timely apply the brakes;

    20.5.  In failing to turn, swerve, or otherwise maneuver the vehicle in order to avoid the collision made the basis of this suit; and

    20.6.  Various other acts of negligence and negligence per se to be specified at the time of trial,

21. Defendant Great Divide Transport, LLC was also directly negligent in the entrustment of its vehicle to Defendant Van Patten.

22. At the time of the collision in question, Defendant Great Divide Transport, LLC was the owner of the commercial vehicle driven by the operator, Jeffrey Van

Patten. Defendant Great Divide Transport, LLC entrusted said vehicle to Defendant Van Patten for the purpose of operating it on the public streets and highways of Texas, and Defendant Van Patten operated said vehicle with the knowledge, consent and permission of Defendant Great Divide Transport, LLC.

23. Upon information and belief, at all times material, Defendant Van Patten was incompetent and/or unfit to safely operate the motor vehicle and Defendant Great Divide Transport, LLC knew, or in the exercise of due care should have known, that Defendant Van Patten was an incompetent and unfit driver and would create an unreasonable risk of danger to persons or property on the public streets and highways of Texas.

24. Such entrustment constitutes negligence and negligence *per se* which was a proximate cause of Mr. Santoyo's injuries and damages. Therefore, The Santoyo Family brings this action under negligent entrustment theories.

25. Defendant Great Divide Transport, LLC was also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct, and supervise Defendant Van Patten.

26. Upon information and belief, Defendant Great Divide Transport, LLC failed to act as a reasonably prudent employer in its hiring practices. Specifically upon information belief, Defendant Great Divide Transport, LLC hired Defendant Van Patten despite evidence of Van Patten's incompetence in his driving record and employment history.

27. Upon information and belief, Defendant Great Divide Transport, LLC failed to provide the proper training and instruction to Defendant Van Patten which would have provided him with the proper skills and knowledge to avoid the collision which forms the basis of this lawsuit.

28. Upon information and belief, Defendant Great Divide Transport, LLC failed to institute corrective actions to known incompetencies and safety rule violations throughout the tenure of Defendant Van Patten's employment.

29. Defendant Great Divide Transport, LLC's negligent hiring, training, and supervision of its driver was a proximate cause of the crash and Mr. Santoyo's resulting injuries and damages.

30. Each of these acts and omissions, singularly, or in combination with others, constitutes negligence, which proximately caused the occurrence made the basis of this action and the Plaintiffs' injuries and damages.

31. When viewed objectively from the standpoint of Defendants at the time of its occurrence, Defendants' above-mentioned conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, each was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; therefore, The Santoyo Family is entitled to punitive and/or exemplary damages.

### Respondeat Superior

32. Great Divide Transport, LLC is liable for the torts committed by its employees during the course and scope of the employment. At the time of the incident, Defendant Great Divide Transport, LLC's employee was acting on behalf of Great Divide Transport, LLC and was within the course and scope of his employment. Great Divide Transport, LLC's employee was negligent and grossly negligent by way of his actions or inactions, because he failed to exercise reasonable care in performing his work duties. Therefore, Great Divide Transport, LLC should be liable for the action or inactions that proximately caused Mr. Santoyo's death.

### Wrongful Death

33. As a result of Defendants' conduct, including the actions and/or inactions of their agent and employees, as noted above, Mr. Santoyo lost his life and The Santoyo Family have a cause of action to recover damages for Wrongful Death, pursuant to Tex. Civ. Prac. & Rem. Code § 71.000 *et. seq.* These damages include:

    33.1. Past and future pecuniary and nonpecuniary wrongful death damages including mental anguish, loss of companionship and society, and loss of inheritance;

    33.2. Exemplary damages;

    33.3. Costs of Court;

33.4. Any and all other damages, both general and special, at law and in equity, to which The Santoyo Family may be justly entitled.

### Survival Action

34. Maria Dolores Aguilar-Garcia, in her capacity as the representative of Mr. Santoyo's estate seeks to recover survival damages to compensate for the following:

    34.1. Conscious pain and suffering and mental anguish, and all other damages that he suffered prior to his death, and

    34.2. Funeral and burial expenses.

### Damages

35. As a result of Defendants' actions and/or inactions, The Santoyo Family brings this lawsuit for the following damages:

    35.1. Past and future pecuniary and nonpecuniary wrongful death damages including mental anguish, loss of companionship and society, and loss of inheritance;

    35.2. Exemplary damages;

    35.3. Costs of Court;

    35.4. Any and all other damages, both general and special, at law and in equity, to which The Santoyo Family may be justly entitled.

36. The Santoyo Family would additionally say and show that they are entitled to recovery of prejudgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sue for recovery of post-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

## Jury Demand

37. The Santoyo Family hereby requests a trial by jury.

## Conclusion and Prayer

38. The Santoyo Family requests that Defendants be cited to appear and answer, and that on final trial The Santoyo Family have: (1) judgment against Defendants, for actual, compensatory and exemplary damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; and (4) such other and further relief, general and special, to which The Santoyo Family may show themselves justly entitled at law and in equity.

Respectfully submitted,

**The Alfred Firm**

*/s/ Byron C. Alfred*

_____

**Byron C. Alfred**
SBN: 24084507
Byron@alfredfirm.com
**Johnny Alfred III**
SBN: 24087092
Johnny@alfredfirm.com
2211 Norfolk Street, Ste. 803
Houston, Texas 77098
Telephone: 713-470-9714
Facsimile: 877-751-7453
**Attorneys for Plaintiff**

## Certificate of Service

    The undersigned authority hereby certifies that a true and correct copy of the foregoing instrument has been served upon all counsel of record pursuant to the FRCP, on this the 31st day of August, 2021.

*/s/ Byron C. Alfred*

_____

**Byron C. Alfred**